May it please the court, your honors, my name is Nancy Talmer. I represent appellant Leroy Carr. I would like to reserve five minutes for rebuttal. We are asking the court to consider all of the issues in the briefs, including the issue that the statements to the agents should have been suppressed. However, the only two arguments I plan to address this morning are the insufficiency of the evidence and then also the error in the supplemental instruction to the jury. Regarding the insufficiency of the evidence, this is an unusual drug case. I think it's fair to say that there are very few, if any, other cases like this one. I think the significant point about this case is that, and what makes it so unusual, is that Mr. Carr approached the federal agents, the federal law enforcement agents, and said, I want to tell you about these drugs that are in the woods. And according to the language of the government's brief, Mr. Carr told the agents the precise location where those drugs were located. He told them where it was. He told them about, eventually at least, told them about the involvement of these agents and what he was having to them to tell them about that. I'm sorry that I keep asking the same kind of question because it kind of runs my idea about what I do in these cases. And having sat on the district court and had this Ninth Circuit overdo me once or twice, I get the idea then I was mad when they did it because I knew what the standard of review was. So I guess I'm asking you, what's my standard of review here for sufficiency of evidence? Yes, Your Honor, and this court does say that the standard of review is de novo, but more significantly, the standard of review is the Jackson test. Since we are And we embrace that and believe the evidence is insufficient under that. Well, but isn't it that in the light of giving the government now the benefit of the doubt, any rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. Isn't that what we're looking at? That's correct, Your Honor. So if I look at your evidence that you have in front of me, I have an evidence that your client admitted he told the agency transported cocaine to the Boy Scout camp with the idea he was taking it to the people, that the cocaine was in the exact spot he said it would be, and that he had a prior history of drug smuggling, told the agency smuggled previously, stopped several times, GPS gave the same locations as the other smuggling problems. How can I suggest that that isn't enough evidence for this jury to do what they did? Yes, Your Honor, and so the elements, there's two elements of the offense that he was convicted of, then the second offense he was acquitted of, but the two elements in issue here, there's actually two elements of the offense that he possessed the drugs, and the elements the government must prove beyond a reasonable doubt, that he possessed the drugs and that he intended to deliver them, distribute them to others, and then the courts have said, and we've cited the cases in our brief, that those elements must exist together at the same time. Well, I understand, and so that's why I said we've got those three facts, they're pretty specific, and so how can I suggest that no rational trier of fact could have found that? I mean, the jury determined the credibility of your client when he said he was now lying, and they said, we don't agree. Correct, Your Honor, and we're certainly not asking the court to address any credibility issues. We appreciate that the Jackson test does not address any credibility issues, that the inferences must be taken in favor of the prosecutor. However, the evidence in this record is that it is not possible for any, it would not have been possible for any rational trier of fact to find all those three elements, and particularly the element of possession at the same time as intent to deliver when Mr. Carr is coming to law enforcement to tell them, here are these drugs in the woods. Yes, there were credibility disputes about how they got there, but even taking that, accepting that is true. The evidence is, Mr. Carr coming to the police and telling them, the drugs are in the woods, I'm asking you for help in dealing with this, I'm asking you for help with these gangs, the gangs want me to deliver it to them, and I'm asking you, the police, for help to deal with that situation. I think the reasonable inferences from that are a problem. Go ahead. I think that the reasonable inferences from that evidence, which isn't like any other case, any other reported case we could find, nor that the government could find, that when you look at that evidence, there necessarily is a reasonable doubt as to possession, as to intent to deliver, or certainly as to both of those Did you have a question? Go ahead. Your Honor, and I would also point out there was some mention in the record of, well, possibly these drugs got stolen, possibly someone, possibly Mr. Carr lost them. That's what I'd like to get at is, what is your version from his point of view of what happened? Your Honor. He didn't own the drugs? His testimony was that he did not put them there, that he knew where they would be because he'd been doing the currency smuggling. So the jury had to decide whether or not that was credible? Correct, Your Honor. And again, I think that was the evidence in the record. There was a credibility dispute between the defense and the government's evidence regarding that point, but for the purpose of sufficiency of the evidence on appeal, we believe the court can put that credibility battle aside and address the Jackson test and see that even on the government's own evidence, even on the reasonable inferences from their own evidence, this was still Mr. Carr coming to the police and saying, the drugs are out there. He told them exactly where they were, and then they're found weeks later. The fact that they were found weeks later in this exact place where he said they would be is also an unusual fact that's just not in any other case. Well, I guess I'm still having trouble finding or determining why the jury couldn't have found, which it seemed they did, had intent to smuggle and distribute, possessed the cocaine, had previously smuggled, just didn't get these past the border. Well, Your Honor, we certainly recognize that there is the evidence in the record of Mr. Carr's past contacts with law enforcement. His testimony was that that was related to currency smuggling. There were indications it was related to currency smuggling. But again, putting aside credibility issues, none of those prior contacts, given the evidence from the government's case about what was going on with respect to these drugs, gets us over that beyond a reasonable doubt as to the elements. When he's telling them where it is, and they're found in the exact place weeks later, there's necessarily a reasonable doubt as to his intent to deliver them to anyone. Certainly when these gangs are breathing down his neck and threatening violence to him and his family, the reasonable inferences from that evidence that was undisputed in the government's case is nobody would have left them out there. That it just isn't possible. Well, when is the intent measured by? When he tells the law enforcement officers he's got a problem, or is the intent measured by when he possessed the drugs? I think the case law, Your Honor, is... I mean, because just for whatever the reason, he wasn't able to get them back across the border. I mean, there's plenty of evidence of that. Well, I think... Isn't there? I think the only evidence is that he told them where it was on August 8th, August 7th and 8th, were the way the conversations were. It was found on August 21st, and he was nowhere near there. So the only evidence is those dates and that time gap, and that they were found in the exact location he had said on August 8th. I believe the case law is clear, and we've cited in our brief, Gomez, Tostado, and Cain are two of the cases. The possession must be simultaneously... But it's the intent to distribute that matters, not the present ability to. I agree, Your Honor, that present ability is not the test, but I believe that this evidence and this record casts a doubt necessarily on those two required elements existing at the same time. Okay. And I would just also point out we have the second... This is the argument on sufficiency of the evidence, but we also have the argument of the instruction, the supplemental instruction. The jury, when it came back with its question, was indicating confusion about exactly these questions that we've been discussing this morning. The jury had a... Because of this, again, the unusual nature of this case where Mr. Carr was saying, yeah, I said things to the gang, I said things to the agents, and they weren't true. He admitted that. That caused the jury to have some confusion about, well, what does it mean when you can use... Do you use his words? Do you go by his words? Government is saying you just go by his words, but their own agents are saying we couldn't just go by his words. The instruction said, well, if somebody says, I will do something, that that's enough. So that prompted the jury question. Mr. Carr's attorney very clearly said, we want the court to give two sentences, answer in response to that. The judge said, I won't do that. I will only give the one sentence, thereby... And he really said that because he already had another jury instruction, which logically said the same thing as the second sentence, as I understand it. Well, that's what the court said. I think we've explained in the brief and do believe that the second sentence that the defense was proposing, given the unusual nature of this case, given the confusion the jury was clearly expressing after having had the prior instructions, because of that confusion, that was why it was an abuse of discretion for the judge not to give the second... So you really believe the jury instruction 13 is not adequate? No, Your Honor. We believe that was adequate and defense did not object to that instruction on its own. Yeah, I was going to say, no objection. That instruction very well covers the second phrase counsel wanted to have submitted. It was already before the jury. We presume they follow the instructions. I guess I'm having a tough time. Well... Especially on the standard of review, which is abuse of discretion. Yes, Your Honor. And I believe that the argument we're making there is that this wasn't an argument about the instruction that was initially given. It was an argument about how the judge should have responded to the jury's question. The jury's question seemed to relate not just to instruction and relating back to the number 13, which is the possession with intent instruction. In defining knowingly, that's where it comes in, the confusion comes in about do you consider acts, do you consider agreement to do something, statements, or all of those? Are you arguing the instructions are misleading? We are arguing that the failure to give the full supplemental instruction was misleading, yes, Your Honor, given the confusion the jury was expressing in its question to the court. So in that instance, I have to review, as I understand my standard, not just that instruction, but all the instructions to determine of their total effect, are they misleading? Isn't that my job? That's correct, Your Honor. Our argument is that the failure to give the full supplemental instructions in light of all the instructions was the error. And I'll reserve the rest of my time for that. Thank you. Good morning, Your Honors. My name is Kate Chrisham, and I'm here today on behalf of the United States. The key question in this appeal is whether or not a rational jury, hearing all of the evidence that came in front of them at trial, could have found the essential elements of the crime of possession with cocaine with intent to distribute beyond a reasonable doubt. And the answer to that question is yes, and Judge Smith is correct, the standard really does drive us here. And the standard is not whether or not this court would vote to convict upon this evidence, but rather whether or not any rational juror could have voted to convict. The jury heard more than enough evidence to convince them that Mr. Carr did, in fact, possess cocaine, and they possessed it with the intent to distribute it to other people. The first and most obvious piece of evidence, obviously, is the three confessions that he gave over the course of two days, stating that he had taken cocaine from his home in Federal Way, Washington, up to a small town near the border, and stashed 31 kilograms of cocaine underneath some bushes in a Boy Scout camp. He admitted that they were in two blue backpacks, 31 kilograms. He gave details that only someone who had actually seen the cocaine would know. He also described in great detail his prior smuggling trips, explained that he had previously done it much like he had done it this time. He would stash the drugs in the bushes and then come at night to cross across the border so that he could do that under the cover of darkness. He told the agents that he was not able to find the cocaine, and that's why he had come to them. The drug gang that he was working for believed he had stolen it, and he wanted them to get him off the hook and give him a false evidence receipt or a false press release that would say that law enforcement had, in fact, seized that cocaine. It's important at no point did the defendant ever deny making these confessions to the agents. Instead, his story on the stand was that he had lied to the agents, and in fact he was merely a currency smuggler who had been pressured into smuggling cocaine, and that for some reason he had admitted to engaging in behavior much more egregious than he actually had. In addition to the defendant's confessions, there's also the fact that the cocaine was found exactly where the defendant said it was, in the Boy Scout camp underneath the bushes by Silver Lake Road and Heller Road. The jury also had the corroborating evidence that the defendant had been found near the border four times in the past eight months in the possession of smuggling tools, large amounts of cash, a GPS unit that showed a trafficking route that the jury heard was a well-known drug trafficking route used by many smugglers. And finally, there was the fact of his arrest. The defendant admitted that he told Special Agent Kevin Martin that he was going to go back up to Canada and work off his debt with the Hells Angels, that he was going to go back to smuggling drugs for them. And sure enough, the jury heard that a month later he was found trying to cross the border without inspection, wearing dark clothes, an empty backpack that a drug dog positively alerted to, and night vision goggles. The defendant's defense in their hand consisted of nothing but his own apt-to-fact statements and attempts to get out from under the weight of his own confession. And in light of all that evidence, the jury could, in fact, did find that the government did prove his case. The defendant had possessed the cocaine and had possessed it with the intent to distribute it to others. If I could briefly address the jury instruction argument, the district court judge did not abuse his discretion in not giving the full instruction requested by the defendant. The question was, is intent shown by taking action only or also by agreement to take action? And the defendant assumes that what the jury was struggling with was count one, was the possession count. When in fact, they could also have been struggling with the exportation count, wondering whether or not the defendant actually had the intent to export the drugs into Canada. And in fact, based on their acquittal, that may well have been what they were struggling with. But in any event, the judge was perfectly within his discretion to only give the first recommended sentence of the defendant's requested instruction. It answered the question, it advised them how they could determine a person's intent, that if you determine what the defendant said or about how he acted, depending upon what was in his mind at the time. Adding the second section would have done nothing but confuse the jury. It had nothing to do with their original question and would have done nothing to alleviate their confusion. And then finally, it was also unnecessary. It duplicated the proper original jury instructions that had already been given to them. And those jury instructions taken as a whole did properly instruct the jury about what their burden was. Unless the court has any further questions, we would rest on our briefs. No further questions. Thank you. Thank you. Thank you, Your Honors. Just some brief responses. I think that the government's theory, both in argument at the trial and then again on appeal, has been just look at what Mr. Carr told the agents. That's all the jury needed to look at, and that was enough to convict him. The problem is, as we explained, that Mr. Carr was telling this to the police, that he came forward and was telling this to the police. Not only that, but the agents both testified that they didn't think that was enough when he was telling them that. They didn't even think it was enough for a crime. They didn't arrest him. They just let him go on his way, and that was it until several weeks later. I think that the fact that that undisputed evidence is in the record, that the agents didn't think what he was saying was enough, is part of why the evidence does not meet the Jackson sufficiency test. Additionally, the prior contacts, which Agent Tan knew about, Agent Tan had been involved with one of those prior contacts. Again, he knew about that when he met with Mr. Carr and was hearing these statements from Mr. Carr, and again he testified that he didn't think there was enough evidence of a crime at that point. So I think this is an unusual case given those facts that are clearly in the record, undisputed, wholly aside from any credibility question that necessarily raises a reasonable doubt, even under the Jackson test, as to the elements of this crime. As to the instructional issue, the government alleges that the additional sentence would have confused the jury. However, the law is clear, and we've cited the cases in our brief that say the law is clear, that support that second sentence. The law says the intent and the possession must be at the same time. That was what defense counsel was asking the court to clarify, based on the accepted correct legal standard. That is why it would not have confused the jury. It would have, in fact, given them the correct statement of the law to aid them with the confusion they were expressing, and that is also why it was necessary to give them that correct statement of the law. If there are no further questions, that's all we have. There are no further questions. Thank you very much. You owe the clerk, you know. She didn't start your clock, so you got more time. Grace of the clerk, you owe her. Flowers, candy is always appreciated. Thank you very much. No, I'm just giving you the business. Thank you. Case 09-30019, USA v. Leroy Carr, is now submitted.
judges: Hart, Rymer, Smith N. R.